FILED

December 21, 2015

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time: 11:01 AM



# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MEMPHIS

| | |
|---|---|
| Barbara Boyd, **Employee,** | Docket No.: 2015-08-0310 |
| v. | State File Number: 54323-2015 |
| Randstad North America, **Employer,** | Judge Jim Umsted |
| And | |
| Indemnity Ins. Co. of North America, **Insurance Carrier.** | |

## EXPEDITED HEARING ORDER  GRANTING TEMPORARY DISABILITY BENEFITS

This matter came before the undersigned Workers' Compensation Judge on the Request for Expedited Hearing filed by the employee, Barbara Boyd, pursuant to Tennessee Code Annotated section 50-6-239 (2014).  Ms. Boyd seeks temporary disability benefits related to an alleged injury to her left ankle.  The employer, Randstad North America (Randstad), accepted compensability and authorized medical treatment.  The central legal issue is whether Ms. Boyd is entitled to ongoing temporary disability benefits, dating back to June 24, 2015.  For the reasons set forth below, the Court finds that Ms. Boyd is entitled to ongoing temporary disability benefits beginning July 21, 2015.[1]

## History of Claim

Ms. Boyd is a forty-nine-year-old resident of Fayette County, Tennessee.  She alleged an injury to her left ankle on June 23, 2015, while reaching for a box at work.  According to Ms. Boyd, she reported her injury to her supervisor the following day.  However, Randstad refuted this contention, indicating it did not receive notice of an alleged work injury until July 10, 2015.

Ms. Boyd treated conservatively on her own at Methodist LeBonheur Healthcare

---

[1] A complete listing of the technical record and exhibits admitted at the Expedited Hearing is attached to this Order as an appendix.

1

and Saint Francis Bartlett from June 25 to July 9, 2015. Ms. Boyd's medical providers diagnosed her with a left-ankle sprain. They did not take her off work impose any restrictions.

Ms. Boyd testified she ultimately received a panel of physicians from Randstad and chose to treat with Saint Francis Hospital. She presented to Saint Francis on July 15, 2015, where she was diagnosed with a left-ankle sprain and referred her to an orthopedic specialist. The medical records from Saint Francis did not indicate that Ms. Boyd was placed on any activity restrictions.

Thereafter, Randstad contacted Ms. Boyd by telephone to offer a list of physicians to provide orthopedic care for her injury. Ms. Boyd chose to treat with Dr. John Lochemes at Memphis Orthopaedic Group, as he was the closest physician to her place of residence.

Ms. Boyd initially treated with Dr. Lochemes on July 21, 2015. During that visit, Ms. Boyd advised that she injured her left ankle when she struck it on an iron rail at work on June 23, 2015, while reaching for a box on the top shelf. Suspecting a peroneal tendon injury, Dr. Lochemes ordered an MRI of Ms. Boyd's left ankle and placed her on sedentary work restrictions.

Ms. Boyd returned to see Dr. Lochemes on August 4, 2015. However, at the time of that visit, the MRI had not been performed. Consequently, Dr. Lochemes instructed Ms. Boyd to follow up after the testing. He restricted her to ten pounds of continuous lifting, twenty-five pounds of intermittent lifting, and prohibited her from climbing, kneeling, bending, stooping, twisting, and pushing/pulling in a cast or brace. An Employment Report dated November 5, 2015, indicated Dr. Lochemes ultimately diagnosed Ms. Boyd with a stress fracture of the left foot, placed her in a short leg cast, and took her completely off work. Dr. Lochemes noted Ms. Boyd was to return in two weeks.

Ms. Boyd filed a Petition for Benefit Determination (PBD) seeking temporary disability benefits. The parties did not resolve the disputed issues through mediation, and the Mediating Specialist filed a Dispute Certification Notice (DCN). Ms. Boyd filed a Request for Expedited Hearing, and this Court heard the matter on December 18, 2015.

At the Expedited Hearing, the parties agreed to the following stipulations: 1) Randstad is an employer as defined by the Tennessee Workers' Compensation law; 2) Ms. Boyd was an employee of Randstad as defined by the Tennessee Workers' Compensation Law on June 23, 2015; 3) Randstad received notice of a work injury within thirty days of the alleged date of injury; 4) Randstad accepted Ms. Boyd's left-ankle injury as compensable; and 5) Dr. John Lochemes at Memphis Orthopaedic Group is Ms. Boyd's authorized treating physician for her left-ankle injury.

Ms. Boyd asserted she is entitled to ongoing temporary disability benefits beginning June 24, 2015. She testified she attempted to return to work on July 7, 2015, but was unable to perform her job duties. According to Ms. Boyd, Randstad never offered her light-duty work. Moreover, Ms. Boyd denied she resigned or refused work from Randstad. Ms. Boyd testified she has not returned to see Dr. Lochemes since November 5, 2015, and argued that Randstad miscalculated her average weekly wage.

Randstad countered that Ms. Boyd voluntarily resigned from employment and did not afford Randstad the opportunity to accommodate her work restrictions. Randstad relied on the Affidavit of Jana Young to support its position. It further argued Ms. Boyd had an obligation under Tennessee law to make a reasonable attempt to go back to work and failed to do so. As such, Randstad argued Ms. Boyd's request for temporary disability benefits should be denied.

### Findings of Fact and Conclusions of Law

The Workers' Compensation Law shall not be remedially or liberally construed in favor of either party but shall be construed fairly, impartially and in accordance with basic principles of statutory construction favoring neither the employee nor employer. Tenn. Code Ann. § 50-6-116 (2014). The employee in a workers' compensation claim has the burden of proof on all essential elements of a claim. *Tindall v. Waring Park Ass'n,* 725 S.W.2d 935, 937 (Tenn. 1987);[2] *Scott v. Integrity Staffing Solutions,* No. 2015-01-0055, 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Tenn. Workers' Comp. App. Bd. Aug. 18, 2015). An employee need not prove every element of his or her claim by a preponderance of the evidence in order to obtain relief at an expedited hearing. *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). At an expedited hearing, an employee has the burden to come forward with sufficient evidence from which the trial court can determine that the employee is likely to prevail at a hearing on the merits. *Id.*

An injured worker is eligible for temporary disability benefits if: (1) the worker became disabled from working due to a compensable injury; (2) there is a causal connection between the injury and the inability to work; and (3) the worker established the duration of the period of disability. *Simpson v. Satterfield,* 564 S.W.2d 953, 955 (Tenn. 1978). Temporary total disability benefits are terminated either by the ability to

---

[2] The Tennessee Workers' Compensation Appeals Board allows reliance on precedent from the Tennessee Supreme Court "unless it is evident that the Supreme Court's decision or rationale relied on a remedial interpretation of pre-July 1, 2014 statutes, that it relied on specific statutory language no longer contained in the Workers' Compensation Law, and/or that it relied on an analysis that has since been addressed by the general assembly through statutory amendments." *McCord v. Advantage Human Resourcing,* No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, *13 n.4 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015).

return to work or attainment of maximum recovery. *Id.* Temporary partial disability benefits, a category of vocational disability distinct from temporary total disability, is available when the temporary disability is not total. *See* Tenn. Code Ann. § 50-6-207(1)-(2) (2014). Specifically, "[t]emporary partial disability refers to the time, if any, during which the injured employee is able to resume some gainful employment but has not reached maximum recovery." *Williams v. Saturn Corp.*, No. M2004-01215-WC-R3-CV, 2005 Tenn. LEXIS 1032, at *6 (Tenn. Workers' Comp. Panel Nov. 15, 2005).

> Thus, in circumstances where the treating physician has released the injured worker to return to work with restrictions prior to maximum medical improvement, and the employer either (1) cannot return the employee to work within the restrictions or (2) cannot provide restricted work for a sufficient number of hours and/or at a rate of pay equal to or greater than the employee's average weekly wage on the date of injury, the injured worker may be eligible for temporary partial disability.

*Jones v. Crencor Leasing,* No. 2015-06-0332, 2015 TN Wrk. Comp. App. Bd. LEXIS ____, slip op. at 5 (Tenn. Workers' Comp. App. Bd. Dec. 11, 2015).

With regard to the issue of temporary total disability, Ms. Boyd has shown that Dr. Lochemes took her completely off work as a result of her compensable work injury on November 5, 2015. According to Ms. Boyd's testimony, she last treated with Dr. Lochemes on this date. As such, she is entitled to ongoing temporary total disability benefits beginning November 5, 2015, until she returns to work or reaches maximum recovery.

The evidence further supports a finding that Ms. Boyd would be entitled to temporary partial disability benefits from July 21, 2015, to November 4, 2015. During this period, Dr. Lochemes had Ms. Boyd on either sedentary or light duty work restrictions. Ms. Boyd testified that Randstad never offered her a light duty position. Moreover, Randstad presented no proof that it could have accommodated these restrictions. Randstad relied on the affidavit of Jana Young to support its position that Ms. Boyd resigned her employment on July 9, 2015, without giving Randstad the opportunity to find her a job. However, the Court finds Ms. Boyd's live testimony, that she did not resign her employment, credible. In addition, the Court finds that Ms. Boyd made a reasonable attempt to return to work on July 7, 2015.

While there is some dispute over when Ms. Boyd reported her injury to Randstad, a review of the record supports Randstad's position that she provided notice of a work injury on July 10, 2015. Tennessee Code Annotated section 50-6-201(a)(1) (2014) states, "the employee shall not be entitled to physician's fees or to any compensation that may have accrued under this chapter, from the date of the accident to the giving of notice." Consequently, Ms. Boyd is not entitled to temporary disability benefits from June 24,

4

2015, to July 9, 2015. Moreover, prior to July 21, 2015, none of Ms. Boyd's medical providers had her on restrictions or took her completely off work. Based on the analysis in *Jones*, this Court is unable to order benefits between July 10, 2015, and July 20, 2015.

Regarding the issue of Ms. Boyd's proper average weekly wage and compensation rate, the wage statement filed in this matter includes two weeks of wages paid after her June 23, 2015 injury date. Tennessee Code Annotated section 50-6-102(3)(A) (2014) defines "average weekly wages" as "the earnings of the injured employee in the employment in which the injured employee was working at the time of the injury during the period of fifty-two (52) weeks immediately preceding the date of the injury." Consequently, weeks nine and ten on the wage statement should not be included in the calculation of Ms. Boyd's average weekly wage. Based on the first eight weeks of earnings, Ms. Boyd's average weekly wage would be $283.36, which leads to a compensation rate of $188.90.

Based on the evidence presented in this case, Ms. Boyd has met her burden of proving entitlement to temporary disability benefits from July 21, 2015, to the present. Therefore, as a matter of law, she has come forward with sufficient evidence from which this Court concludes that she is likely to prevail at a hearing on the merits. Her request for temporary disability benefits is granted in part at this time.

**IT IS, THEREFORE, ORDERED** as follows:

1. The amount of temporary disability benefit is $188.90 per week based on Ms. Boyd's average weekly wage of $283.36.

2. Payment of past-due benefits in the amount of shall be made for the period from July 21, 2015, to December 18, 2015.

3. Randstad or its workers' compensation carrier shall continue to pay to Ms. Boyd temporary disability benefits in regular intervals until she is no longer eligible for those benefits by reaching maximum medical improvement, by returning to work at a wage equal to or greater than the pre-injury wage, or by release without restrictions by the authorized treating physician. Randstad's representative shall immediately notify the Bureau, Ms. Boyd, and Ms. Boyd's counsel, if any, of the intent to terminate temporary disability benefits by filing Form C-26, citing the basis for the termination.

4. This matter is set for a telephonic Scheduling Hearing on February 10, 2015, at 11:00 a.m.

5. **Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days**

5

from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3) (2014). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance.

6. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email WCCompliance.Program@tn.gov or by calling (615) 253-1471 or (615) 532-1309.

ENTERED this the 21st day of December, 2015.

Judge Jim Umsted
Court of Workers' Compensation Claims

Initial (Scheduling) Hearing:

An Initial (Scheduling) Hearing has been set with **Judge Jim Umsted, Court of Workers' Compensation Claims. You must call 615-532-9550 or toll-free at 866-943-0014 to participate in the Initial Hearing.**

**Please Note: You must call in on the scheduled date/time to participate. Failure to call in may result in a determination of the issues without your further participation.**

Right to Appeal:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within seven business days* of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

3. Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4. The appealing party is responsible for payment of a **filing fee in the amount of $75.00.** Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. **Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.**

5. The parties, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a joint statement of the evidence within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the workers' compensation judge before the record is submitted to the Clerk of the Appeals Board.

6. If the appellant elects to file a position statement in support of the interlocutory appeal, the appellant shall file such position statement with the Court Clerk within five business days of the expiration of the time to file a transcript or statement of the evidence, specifying the issues presented for review and including any argument in support thereof. A party opposing the appeal shall file a response, if any, with the Court Clerk within five business days of the filing of the appellant's position statement. All position statements pertaining to an appeal of an interlocutory order should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

## APPENDIX

Exhibits:
1. Affidavit of Barbara Boyd;
2. Affidavit of Jana Young;
3. Form C-20 Employer's First Report of Work Injury or Illness;
4. Form C-23 Notice of Denial of Claim for Compensation;
5. Form C-41 Wage Statement;
6. Unsigned Form C-42 Agreement Between Employer/Employee Choice of Physician;
7. Ms. Boyd's job description;
8. Randstad's Communication Log;[3]
9. Medical records filed by Randstad on November 6, 2015:
   - Methodist LeBonheur Healthcare – June 25, 2015;
   - Saint Francis Hospital – July 15, 2015;
   - Memphis Orthopaedic Group – July 21, 2015;
   - Memphis Orthopaedic Group – Employment Report dated August 4, 2015;
10. Medical records submitted to Mediating Specialist:
    - Memphis Orthopaedic Group – Employment Reports dated July 21, 2015, and August 4, 2015;
    - Saint Francis Hospital Bartlett – July 9, 2015;
    - Saint Francis Hospital – July 15, 2015;
11. Additional medical records:
    - Memphis Orthopaedic Group – patient intake information for date of service July 21, 2015;
    - Memphis Orthopaedic Group – August 4, 2015;
    - Memphis Orthopaedic Group – Employment Report dated November 5, 2015;
12. Medical bills:
    a. T.M. Carr, M.D. – June 25, 2015;
    b. Memphis Radiological, PC – June 25, 2015; and
    c. Memphis Physicians Radiological Group – July 9, 2015.

Technical record:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. Employer's Pre-Hearing Brief with attachments

---

[3] Exhibit 8 was marked for identification only and was not admitted into evidence.

8

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on this the 21st day of December, 2015.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|------|---------------|---------|-----------|------------------|
| Stanley Less, Employee's Attorney | | | X | shl@stanleyhless.com |
| David Otten, Employer's Counsel | | | X | djotten@mijs.com |

Penny Shrum, Clerk of Court
Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov

9